**Randolph S. KOCH, Petitioner,**

v.

**SECURITIES AND EXCHANGE COMMISSION, Respondent.**

**No. 01–3347.**

United States Court of Appeals, Federal Circuit.

Oct. 16, 2002.

Before CLEVENGER, Circuit Judge, ARCHER, Senior Circuit Judge, and BRYSON, Circuit Judge.

## DECISION

PER CURIAM.

Randolph S. Koch appeals from a decision of the Merit Systems Protection Board, Docket No. DC–1221–98–0214–W–1, denying his request for corrective action in his whistleblower appeal. We *affirm.*

## BACKGROUND

At the time of the events at issue in this case, Mr. Koch was employed as a financial analyst by the Securities and Exchange Commission ("SEC"). On August 20, 1993, Mr. Koch's immediate supervisor, Frank J. Donaty, Jr., requested that the SEC's Office of Human Resources Management convert Mr. Koch from his position as a GS–12 financial analyst to the position of GS–13 attorney-advisor. In October of that year, Mr. Koch reported anonymously to the Office of the Inspector General ("OIG") that two agency manag-

ers were often absent without approved leave. The OIG investigated, and Mr. Koch testified about his allegations in January 1994.

On April 12, 1994, the Office of Human Resources Management denied Mr. Donaty's request that Mr. Koch be promoted to the position of GS–13 attorney-advisor. It explained that Mr. Koch was not qualified for reassignment to the GS–13 attorney-advisor position, and that although he was qualified for reassignment to a GS–12 attorney position, that reassignment would involve conversion from the competitive service to the excepted service, and that in order to be reassigned to the GS–12 attorney position he would have to sign a statement relinquishing certain rights he enjoyed as a competitive service employee. Mr. Koch refused to sign the statement.

On May 20, 1994, Mr. Donaty issued a "performance counseling" memorandum to Mr. Koch. The memorandum notified Mr. Koch that he had failed to perform his duties in a timely fashion, and that failure to improve his performance could jeopardize his continued employment with the agency. Five days later, Mr. Donaty and Carolyn B. Lewis, another of Mr. Koch's supervisors, signed and issued Mr. Koch's annual performance appraisal. They rated Mr. Koch's overall performance as "minimally satisfactory."

In July 1995, Mr. Koch filed a complaint with the Office of Special Counsel. He alleged that the denial of a promotion to the GS–13 position of attorney-advisor, the conditions attached to the proposed conversion to a GS–12 attorney position in the excepted service, the performance counseling memorandum, and the 1994 performance appraisal were all acts of reprisal by the agency resulting from his alleged whistleblowing activity. The Office of Special Counsel investigated Mr. Koch's claims and in October 1997 informed him

that it was closing the file without taking action.

Mr. Koch then filed an Individual Right of Action appeal with the Merit Systems Protection Board. On January 6, 1998, the administrative judge issued an order setting forth the filing deadlines and instructions for submitting filings. The order directed Mr. Koch to file, by January 21, 1998, evidence and argument to prove that the action was within the Board's jurisdiction.

Mr. Koch filed his jurisdictional statement on January 21, 1998, and the SEC filed its narrative response to Mr. Koch's appeal along with supporting evidence on January 26. On January 28, the administrative judge scheduled a prehearing teleconference for February 18 and a hearing for March 2. The order required the parties to file prehearing submissions before February 13 and to participate in the prehearing teleconference.

On February 2, the day discovery was scheduled to begin, Mr. Koch sent a letter by telecopier to the administrative judge requesting that the time for commencing discovery be postponed by a week. Mr. Koch stated that he was in poor health, and he asked "that all deadlines imposed on me be set back by one week." He added that he planned to file a request for a continuance or for a dismissal of the appeal without prejudice. On the same day, the SEC filed its response to his jurisdictional submission, requesting that Mr. Koch's appeal be dismissed for lack of jurisdiction.

A week later, Mr. Koch filed a request for a 90–day continuance of the proceedings or a dismissal without prejudice to his right to refile his appeal at a later time. He based his request on his pending efforts to retain counsel and his health prob-

lems, which he said limited his ability to do the work necessary to litigate his appeal.

On the same day, the administrative judge issued an order directing the parties to brief the question whether the case should be dismissed for Mr. Koch's failure to show that three of the alleged reprisal actions were covered "personnel actions" and thus subject to the Board's jurisdiction. The three actions to which the administrative judge referred were (1) the performance counseling memorandum; (2) the decision that he was not qualified for the GS–13 attorney-advisor position; and (3) the notice of conditions attached to the conversion to excepted service. The order directed Mr. Koch to submit argument and evidence on those issues by February 17. Mr. Koch did not submit any argument or evidence as required by the order. Instead, on February 17 he sought an extension of 60 days in which to complete and file a response.

Mr. Koch also sought a postponement of the February 18 teleconference, and in response, the administrative judge rescheduled the teleconference for February 25. The administrative judge stated Mr. Koch's request for a continuance would be discussed at that time, and that if he failed to participate in the teleconference the case might be dismissed for failure to prosecute.

Mr. Koch's deposition was scheduled for the same day as the teleconference, but two days before the date of the teleconference and the deposition, Mr. Koch advised counsel for the SEC that he would not attend the deposition. He gave as his reason for not participating in the deposition the pendency of his request that all proceedings in the case be suspended and that discovery not commence until he had retained counsel. Mr. Koch also failed to respond to the SEC's written discovery requests, which included a set of interroga-

tories and a request for production of documents.

On February 25, 1998, the administrative judge held the scheduled teleconference with Mr. Koch and counsel for the SEC. Mr. Koch requested that the appeal be dismissed without prejudice for medical reasons and to enable him to obtain counsel. The administrative judge denied Mr. Koch's request. She found that the medical evidence he had submitted all related to his condition in 1994 and therefore did not support his assertion that he was unable to proceed with the case for medical reasons, and she concluded that dismissing the appeal without prejudice was not in the interest of fairness or judicial economy. The administrative judge told Mr. Koch that she would reconsider her ruling if he submitted more current medical evidence, and that she would consider a short delay of the hearing scheduled for March 2 if he requested one. Mr. Koch did not make such a request; instead he objected that the Board's procedures were unfair and that he could not comply with them. He also informed the administrative judge that he might not appear at the March 2 hearing, but he was told that if he could not appear, he must provide notice to the administrative judge and SEC counsel. Finally, the administrative judge ruled that the SEC's determination that Mr. Koch was not qualified for the GS–13 attorney-advisor position, its determination that conversion to an excepted service position would require him to relinquish his competitive service rights, and the 1994 performance counseling memorandum were not "personnel actions," and that those acts therefore did not fall within the Board's jurisdiction over whistleblower appeals.

Just before midnight on the evening of March 1 (a Sunday), Mr. Koch sent a letter by telecopier to the administrative

judge in which he requested that she reconsider her rulings regarding the jurisdictional issues and her rejection of his request for a dismissal without prejudice. In the alternative, he requested that her rulings be certified to the full Board as an interlocutory appeal. Mr. Koch also stated that he would not provide any medical information to the administrative judge until she agreed to keep it under seal.

Without providing the required notification that he would not appear, Mr. Koch failed to appear for the evidentiary hearing scheduled for the following day. SEC counsel and two witnesses were present for the scheduled hearing, but because of Mr. Koch's absence the hearing was not held. On March 4, the SEC filed its opposition to Mr. Koch's motions and requested either dismissal for failure to prosecute the appeal, or summary decision on the merits.

The administrative judge issued a decision in the case on March 5, 1998. First, she denied Mr. Koch's request for reconsideration of her jurisdictional rulings. Second, she ruled that Mr. Koch had not shown good cause for his failure to appear at the scheduled hearing on March 2. She therefore proceeded to address Mr. Koch's appeal on the basis of the written record.

Assuming that Mr. Koch's 1993 disclosure to OIG was protected whistleblowing activity, the administrative judge found that the Board had jurisdiction to consider Mr. Koch's appeal, but only as to the 1994 performance appraisal, because that was the only agency action at issue that constituted a "personnel action" as defined by 5 U.S.C. § 2302(a)(2)(A). On the merits, however, the administrative judge ruled that Mr. Koch had failed to demonstrate that his disclosure to OIG was a contributing factor in his 1994 performance appraisal rating. She stated that Mr. Koch had presented no evidence that the agency officials who signed his performance evalua-

tion knew of his disclosure to OIG, or that their evaluation of his work was in any way influenced by that disclosure.

The administrative judge then analyzed whether the SEC had shown that it would have taken the same action regardless of Mr. Koch's disclosure. The administrative judge noted that unrebutted evidence established that two other employees who had failed to meet deadlines, neither of whom were shown to be whistleblowers, also received performance appraisal ratings of "minimally satisfactory." The judge therefore found that the SEC had demonstrated by clear and convincing evidence that it would have taken the same action absent Mr. Koch's alleged whistleblowing activity.

Mr. Koch petitioned for review of the initial decision. The full Board denied review in a final decision on November 19, 1998. This appeal followed.

## DISCUSSION

### A

As a threshold matter, the government objects that Mr. Koch's petition for review by this court was untimely filed and that we lack subject matter jurisdiction to hear his case. By statute, a petition for review of a decision of the Merit Systems Protection Board must be filed within 60 days after the date the petitioner received notice of the Board's final decision. 5 U.S.C. § 7703(b)(1). In the absence of a receipt, proof of mailing is insufficient to demonstrate actual receipt of notice of the Board's decision. *Kumferman v. Dep't of the Navy*, 785 F.2d 286, 289 (Fed.Cir. 1986). The government admits that the certified mail receipt card was returned undelivered and that it cannot prove that Mr. Koch received the Board's decision in 1998. The government contends, however, that Mr. Koch should have provided a

sworn affidavit to the court supporting his contention that he did not become aware of the Board's final decision until 2001. The government argues that the circumstances suggest that Mr. Koch must have been aware of the decision or at least that he must have avoided learning of it.

██ We reject the government's argument. If the government wished to challenge Mr. Koch's veracity, it could have done so by filing a motion to dismiss the appeal at any time during the six-month period between the time Mr. Koch filed his notice of appeal and the time he filed his opening brief. If appropriate, this court could then have directed Mr. Koch to file an affidavit or other evidence regarding the circumstances under which he learned of the Board's decision. Because the government waited until its brief on the merits before seeking a dismissal on untimeliness grounds, we decline to order Mr. Koch to file such proof; instead, we accept his representation as to the date on which he learned of the Board's decision. The government's speculation that Mr. Koch may be dissembling regarding the date that he learned of the decision is not a sufficient basis on which to dismiss this appeal.

### B

Mr. Koch raises two procedural issues and three issues regarding the merits of his claims before the administrative judge.

Mr. Koch first asserts that the administrative judge abused her discretion and denied him due process by denying his request for a continuance or a dismissal of his appeal without prejudice. He focuses in particular on the administrative judge's insistence on medical evidence more current than the four-year-old evidence of his medical condition that he submitted in support of his request for a delay in the proceedings.

██ Requests for extensions of time are granted only upon a showing of good cause, 5 C.F.R. § 1201.55(c), and the Board's decisions on such matters are reviewed for an abuse of discretion. *See Johnson v. Dep't of the Treasury*, 721 F.2d 361, 364–65 (Fed.Cir.1983). It was Mr. Koch's burden to submit medical documentation supporting his request for a continuance, and it is undisputed that he did not provide the judge with current medical evidence. Although he contends that the administrative judge should have inferred from the 1994 physician's letter that his condition was chronic, it was reasonable for the administrative judge to seek more current and specific information to confirm the extent of Mr. Koch's claimed disability and its effect on his ability to proceed with the case.

The administrative judge offered Mr. Koch an opportunity to present more current medical evidence, which he failed to do. Mr. Koch asserts that the administrative judge gave him only two days to submit additional medical information. That two-day period, however, is not reflected in the administrative judge's summary of the telephonic prehearing conference, and Mr. Koch did not object to the accuracy of the summary even though he was offered the opportunity to do so. In any event, Mr. Koch did not submit any additional medical evidence regarding his current condition during the remaining period that the case was pending before the administrative judge. Because it was not unreasonable for the administrative judge to insist on medical information more current that a four-year-old doctor's letter, we hold that the administrative judge did not abuse her discretion in rejecting Mr. Koch's claim that he was entitled to a postponement or a dismissal without prejudice because of his medical condition.

■ Mr. Koch further contends that the administrative judge abused her discretion by failing to permit him to dismiss his appeal without prejudice to its renewal within six months, because he needed the time to secure counsel and because the agency failed to show that it would be prejudiced by the ensuing delay. He argues that the administrative judge unreasonably insisted on expedition regardless of his demonstrated need for additional time to prepare his case. The administrative judge, however, was not unresponsive to Mr. Koch's request for additional time to prepare for the proceedings. She granted a postponement of the prehearing conference at Mr. Koch's request, and she offered to consider a short postponement of the date for the hearing in his case if he requested one. He did not make such a request. Instead, in a letter sent on the day the hearing was scheduled to be held, he continued to press for dismissal without prejudice or for certification of various issues to the full Board. Moreover, although Mr. Koch contends that he did not have sufficient time to obtain counsel, he was informed in October 1997 of his right to file an Individual Right of Action appeal, he filed the appeal in December 1997, and the litigation began in earnest in late January 1998. He therefore had a period of several months within which to the obtain counsel but failed to do so during that period; under the circumstances, it was not unreasonable for the administrative judge to refuse to delay the resolution of the matter by granting what would have amounted to a six-month continuance in the proceedings. While specific prejudice to the opposing party is often a valid reason for a court to deny a continuance, the absence of a showing of specific prejudice is not sufficient to render the denial of a continuance an abuse of discretion. We therefore hold that Mr. Koch has not shown that the administrative judge abused her discretion in denying a lengthy continuance or a dismissal without prejudice subject to reopening within six months.

## C

Mr. Koch next argues that the administrative judge engaged in an improper *ex parte* communication with the attorney for the government on January 23, 1998. The facts of record are as follows: On January 21, 1998, the day his jurisdictional statement was due, Mr. Koch sent a letter to counsel for the SEC stating that he intended to seek a continuance of at least 90 days. Mr. Koch filed his jurisdictional statement with the administrative judge later that same day, but that submission did not contain a request for a continuance.

Because Mr. Koch did not request a continuance in the pleading that he filed on January 21, the SEC attorney left messages for him on Thursday, January 22, and Friday, January 23, explaining that the SEC attorney needed to call the administrative judge to discuss scheduling matters based on Mr. Koch's letter and that he wanted to include Mr. Koch in the call. In particular, the SEC attorney explained that he needed to find out whether the agency's narrative statement was still due for filing on the following Monday, January 26. Mr. Koch did not respond to the messages. On Friday, January 23, not having heard from Mr. Koch, counsel for the SEC called the administrative judge to determine whether there would be a postponement in the proceedings. Counsel for the SEC contacted Mr. Koch later in the day and informed him that the administrative judge had said that the schedule was unchanged.

Mr. Koch wrote a letter to the administrative judge protesting that the communi-

cation between the SEC lawyer and the administrative judge was an impermissible *ex parte* contact. In response, the SEC lawyer submitted a statement setting forth the sequence of events and arguing that his call to the administrative judge regarding scheduling matters was not improper. The record does not reflect that Mr. Koch raised the matter during the February 25, 1998, teleconference or at any subsequent time while the case was pending before the administrative judge.

■ We reject Mr. Koch's argument that he is entitled to relief on the basis of the contact between the SEC lawyer and the administrative judge. First, Mr. Koch has failed to show that there was an *ex parte* communication. An *ex parte* communication with a Board adjudicative officer is defined as "an oral or written communication between a decision-making official of the Board and an interested party to a proceeding, when that communication is made without providing the other parties to the appeal with a chance to participate." 5 C.F.R. § 1201.101(a). As noted above, Mr. Koch's failure to request a continuance in his January 21, 1998, submission, after having advised counsel for the SEC that he intended to seek a continuance of at least 90 days, left counsel for the SEC unsure whether the deadline of Monday, January 26, for the filing of the SEC's narrative statement was still in effect. Counsel for the SEC therefore left messages for Mr. Koch explaining that counsel wanted to include Mr. Koch in a call to the administrative judge to discuss scheduling matters. Mr. Koch alleges that counsel for the SEC knowingly took advantage of Mr. Koch's temporary unavailability, but there is no evidence in the record supporting that accusation. Because Mr. Koch was given an opportunity to participate in the communi-

cation, it falls outside the definition of an *ex parte* communication.

Second, the Board's regulations provide that "interested parties may ask about such matters as the status of a case, when it will be heard, and methods of submitting evidence to the Board." 5 C.F.R. § 1201.101(a). Because the record reflects that the contact between counsel for the SEC and the administrative judge related solely to the question whether the SEC's filing date was unchanged, it was not improper.

Mr. Koch contends that the administrative judge should have made a record of her contact with the SEC lawyer, and he speculates that the discussion between the two may have related to the merits of his proposed (although not yet filed) request for a continuance. The regulatory requirement for making a record, however, applies only in the case of an actual prohibited *ex parte* contact, not in the case of an inquiry that falls outside the regulatory definition of prohibited *ex parte* communications. 5 C.F.R. § 1201.103. In this situation, the administrative judge may have regarded the letter from government counsel as a sufficient record of the communication, particularly in light of Mr. Koch's failure to challenge either the accuracy of the SEC attorney's account or the lawfulness of the communication in any later proceeding before the administrative judge. Under the circumstances, the administrative judge could properly have regarded the matter as having been resolved by the SEC lawyer's letter. Not having pressed the matter further before the administrative judge, Mr. Koch cannot now seek relief based on the administrative judge's failure to take further steps with regard to the asserted *ex parte* communication.

## D

We next turn to Mr. Koch's challenges to the merits of the administrative judge's disposition of his various claims under the Whistleblower Protection Act. Because Mr. Koch failed to appear for the evidentiary hearing, the administrative judge addressed those claims based on the written record in the case. Moreover, although Mr. Koch in his initial appeal paper made several assertions as to what the evidence would show as to his claims of retaliation by agency officials for his protected disclosures, he failed to introduce any evidence into the record to support those assertions, and he failed to cooperate with the agency's efforts to develop the evidence through discovery. The administrative judge thus necessarily and appropriately considered the case based only on the evidentiary materials that were of record, and not based on Mr. Koch's assertions as to what he expected the evidence to show.

■ Mr. Koch first challenges the administrative judge's conclusion that he failed to show that his disclosures to the OIG contributed to his negative performance appraisal. The agency officials who signed his performance appraisal were Mr. Donaty and Ms. Lewis, and the evidence before the administrative judge showed that C. Gladwyn Goins, a higher level supervisor, was also involved in the performance appraisal decision. There was no evidence before the administrative judge, however, that any of those persons had knowledge of his disclosure to the OIG. Although Mr. Koch asserted in his initial appeal paper that Ms. Lewis had a "very powerful animus" against him because of his disclosures to the OIG and that Mr. Goins "apparently was very bitter because I had instigated the OIG investigation on his watch," he did not offer any evidence in support of those assertions, nor did he offer any evidence to support his more general assertion that his poor performance appraisal was a consequence of his OIG disclosures. Moreover, Mr. Koch failed to respond to the SEC's interrogatories, which inquired, in part, as to what evidence he had to support his allegation that his supervisors were retaliating against him for his disclosures. There was thus substantial evidence supporting the administrative judge's finding that Mr. Koch failed to satisfy his burden of showing, by preponderant evidence, that his disclosures were a contributing factor in the agency's personnel action against him.

Substantial evidence also supports the administrative judge's alternative ruling that there was clear and convincing evidence that Mr. Koch would have received the same performance rating regardless of his whistleblowing activity, and that Mr. Koch's alleged whistleblowing thus was not a contributing factor in his performance appraisal. The evidence shows that Mr. Koch had problems in completing work on a timely basis, that his poor performance rating was based on his timeliness problems, and that two other individuals in his unit were given similar poor performance ratings based on timeliness issues, even though it was not suggested that either of them was a whistleblower. Although Mr. Koch now asserts that the other individuals who received poor performance evaluations for failing to complete their work on a timely basis were not similarly situated, he did not offer any evidence to that effect in the proceedings before the administrative judge. Moreover, although he asserts that another employee who was given a better evaluation also had a substantial timeliness problem, the record reflects that the employee in question was a GS–14 attorney, not a GS–12 financial analyst, and that the number of his late assignments was significantly smaller than Mr. Koch's. For that reason as well, we sus-

tain the administrative judge's ruling on the performance appraisal issue.

## E

■ Mr. Koch next asserts that the administrative judge erred in holding that the 1994 performance counseling memorandum given to Mr. Koch did not constitute a threat to take a personnel action within the meaning of 5 U.S.C. § 2302(b)(8), and thus was not actionable under the Whistleblower Protection Act. The performance counseling memorandum explained to Mr. Koch that, despite repeated warnings about his failure to meet deadlines, his performance had demonstrated "little, if any, improvement." The memorandum provided specific examples of deficient performance and cautioned that "[u]nless you make immediate and profound improvements in your performance, it will be necessary to discharge you." Mr. Koch claims that the memorandum contained a threat to discharge him and thus constituted a threat to take a personnel action within the meaning of 5 U.S.C. § 2302(b)(8). The administrative judge held that the memorandum did not constitute a threat, and we conclude that substantial evidence supports that finding.

A wide range of agency rules, directives, and counseling measures contain the message, implicit or explicit, that failure to follow those directives or to meet expectations may have adverse consequences, including possible discharge. As the administrative judge correctly observed, not all such general statements setting forth performance expectations and the consequences of failing to meet them, or even similar counseling measures directed at particular employees, constitute actionable "threats" to take adverse action within the meaning of the Whistleblower Protection Act. *See Special Counsel v. Spears*, 75 M.S.P.R. 639, 669 (1997); *cf. King v.*

*Dep't of Health & Human Servs.*, 133 F.3d 1450, 1452 (Fed.Cir.1998). In this case, the administrative judge reasonably viewed the performance counseling memorandum as a vehicle for giving Mr. Koch notice of weaknesses in his performance and encouraging improvement. The line between a counseling measure and a threat is not a bright one, and the distinction between the two is very fact-dependent. We are satisfied that the administrative judge's conclusion that Mr. Koch's performance counseling memorandum did not constitute a threat is well supported by the evidence.

## F

Finally, Mr. Koch argues that the administrative judge erred in finding that the attachment of conditions to his proposed conversion to an attorney position did not constitute a personnel action or failure to take a personnel action within the meaning of 5 U.S.C. § 2302(b)(8). Mr. Koch was informed that, if he wished to convert to an excepted service position, he would have to complete two years in the position before he would be vested with full rights of appeal to the Merit Systems Protection Board. In addition, he was advised that he would have to serve a one-year trial period concurrent with the two-year probationary period and that he would have to acknowledge in writing his voluntary acceptance of those changes in his employment status. Mr. Koch claims that those conditions were unlawful and that their imposition in response to his request for a promotion or conversion to the excepted service constituted a "personnel action," i.e., the failure to take a personnel action.

■ The evidence before the administrative judge showed that the SEC had a policy that any employee converting to the excepted service would be treated as a new excepted service appointee. The evidence

further showed that all attorney positions at the SEC were in the excepted service. By statute, an individual in the excepted service must complete two years of continuous service in the same or similar position before becoming an "employee" with full Board appeal rights. 5 U.S.C. § 7511(a)(1)(C). While there is no direct statutory support for the SEC's one-year trial period running concurrently with the two-year probationary period, it is not necessary to determine whether that condition on excepted service appointments is unlawful, because the evidence before the administrative judge established that the SEC applied that condition generally, and not simply in Mr. Koch's case. Regardless of whether the condition is statutorily authorized, therefore, the administrative judge did not err in holding that the attachment of conditions to Mr. Koch's proposed conversion to an attorney position did not constitute a personnel action or a failure to take a personnel action within the meaning of the Whistleblower Protection Act.

In his brief, Mr. Koch contends that his position as a financial analyst was sufficiently similar to the excepted service attorney position that it was improper for the agency to subject him to a probationary period in the new position. However, he offered no evidence to that effect before the administrative judge. Nor was there any evidence that the SEC policies regarding conversions from competitive to excepted service were applied to him but not to others, as he asserts in his brief. Accordingly, we uphold the administrative judge's ruling as to the "conversion conditions" claim.

In sum, we uphold the Board's decision in all respects. Each party shall bear its own costs for this appeal.