# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT D. VOCKE,
                    Appellant,

            v.

DEPARTMENT OF COMMERCE,
                    Agency.

DOCKET NUMBER
DC-1221-13-1266-W-1

DATE: May 2, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Brook L. Beesley, Alameda, California, for the appellant.

Christiann C. Burek, Esquire, Kevin S. Saman, Esquire, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to vacate the administrative judge's alternative finding that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure, *see* footnote 3 *infra,* we AFFIRM the initial decision.

## BACKGROUND

¶2      The appellant is employed as a Physical Scientist at the agency's National Institute of Standards (NIST). In July 2012, he became aware of two public databases on Federal performance pay and bonus compensation which, when considered along with information gleaned from an internal agency website regarding performance ratings, persuaded him that certain managers were receiving significantly higher compensation than warranted. Initial Appeal File (IAF), Tab 6 at 7. On July 27, 2012, he detailed these perceived irregularities, expressing his concerns to his supervisors in an email, which he copied through his chain of command up to the NIST Director. *Id.* at 26-27. The appellant asked for a prompt written response for what he described as "disparate, disproportionate and unfair performance ratings and compensations." *Id.* at 27. The supervisor did not respond to the email, or to the appellant's follow-up email, sent on August 2, 2012. *Id.* at 28. On August 15, 2012, the appellant's second-level supervisor issued him a Letter of Counseling "to address his

demonstrated failure to communicate with [his] supervisors appropriately and to clarify [the second-level supervisor's] expectations for [the appellant's] conduct in the future." *Id.* at 31-33. The letter cited language used in a July 13, 2012 email from the appellant to his second-level supervisor and the two emails discussed above. *Id.* On October 31, 2012, the appellant also detailed his concerns about the compensation issues in a letter to Senator Barbara Mikulski, which he copied to Senator Susan Collins and Representative Sandy Adams. *Id.* at 37-38.

¶3        On February 18, 2013, the appellant filed a complaint with the Office of Special Counsel (OSC), IAF, Tab 6 at 12-25, wherein he claimed that he had disclosed information evidencing a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, and an abuse of authority, on the basis of which the agency issued him "a corrective action counseling letter on the threat of removal from Federal Service." *Id.* at 18. On May 30, 2013, OSC notified the appellant that it had terminated its inquiry into his allegations and that he could seek corrective action from the Board. IAF, Tab 1 at 10.

¶4        On appeal, the appellant repeated that he had disclosed what he reasonably believed was a violation of law, rule, or regulation amounting to fraud, waste, or abuse of funds in connection with the agency's payouts to marginal employees under its Performance Pay and Bonus Compensation guidelines, and that, in retaliation for his disclosure, the agency issued him a Letter of Counseling, threatening to take disciplinary action against him, up to and including removal. *Id.* at 5. He requested a hearing. *Id.* at 4.

¶5        Finding that there was no factual dispute bearing on the issue of jurisdiction, the administrative judge decided the case on the written record, dismissing the appeal for lack of jurisdiction. IAF, Tab 21, Initial Decision (ID) at 1, 8. He first found that the Letter of Counseling did not contain a threat of future disciplinary action and that it therefore did not constitute a  personnel

action within the meaning of 5 U.S.C. § 2302(a)(2)(A).[2]  ID at 3-4.  The administrative judge also found that, even if it did, the appellant failed to nonfrivolously allege that he made a protected disclosure because he could not reasonably have believed that his disclosure evidenced a violation of law, rule, or regulation, ID at 7, and because he failed to allege facts sufficient to indicate how policy choices regarding the agency's awarding of bonuses reasonably could be deemed to be gross mismanagement, a gross waste of funds, or an abuse of authority.  ID at 7-8.

¶6        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, the agency has responded in opposition, PFR File, Tab 4, and the appellant has replied thereto, PFR File, Tab 5.

**ANALYSIS**

¶7        To establish the Board's jurisdiction over an IRA appeal, the appellant must demonstrate that he exhausted his administrative remedies before OSC and make nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  If the appellant establishes Board jurisdiction over his IRA appeal by exhausting his remedies before OSC and making the requisite nonfrivolous allegations, he has the right to a hearing on the merits of his claim.  *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 20 (2002).

¶8        On review, the appellant challenges the administrative judge's dismissal of the appeal for lack of jurisdiction.  PFR File, Tab 1 at 5-8.  The administrative judge first found, and we agree, that the appellant demonstrated that he exhausted

---

[2]  Though the initial decision did not specify that this finding was part of the jurisdictional analysis, we assume on review that the administrative judge found that the appellant failed to nonfrivolously allege that the Letter of Counseling constituted a personnel action.

his remedies before OSC. ID at 3; IAF, Tab 1 at 10, Tab 6 at 12-25. The administrative judge also found that the August 15, 2012 Letter of Counseling, which the appellant referenced in his OSC complaint and in his appeal, did not contain a threat of future disciplinary action and therefore did not constitute a personnel action within the meaning of 5 U.S.C § 2302(a)(2)(A). ID at 4. The appellant challenges that finding on review, arguing that the Letter of Counseling was a threat to take a personnel action because it warned of possible future discipline, stating that "any future misconduct may result in disciplinary action up to and including removal from the Federal service." IAF, Tab 6 at 32.

¶9    As the administrative judge correctly pointed out, such a general statement, a reminder that future misconduct might result in disciplinary action, remains a truism for any employee, at any time. ID at 4; *see Koch v. Securities & Exchange Commission*, 48 F. App'x 778, 787 (Fed. Cir. 2002) ("A wide range of agency rules, directives, and counseling measures contain the message, implicit or explicit, that failure to follow those directives or to meet expectations may have adverse consequences, including possible discharge . . . . [N]ot all such general statements . . . constitute actionable 'threats' to take adverse action within the meaning of the Whistleblower Protection Act."). The language in question is conditional in nature; if the appellant engages in future misconduct, then he may be disciplined as a result. Moreover, the administrative judge correctly noted that the lack of such admonition would represent an odd omission in any purported letter of counseling. ID at 4. This is especially true considering the *Douglas*[3] factor that takes into account whether an appellant was placed on notice of any rules that were violated in committing the offense in question and whether he had been warned about engaging in such conduct in the future. Indeed, not warning

---

[3] In *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), the Board articulated a nonexhaustive list of factors, both aggravating and mitigating, that are relevant to the penalty determination in adverse action cases.

an employee that prospective misconduct could result in disciplinary action would hamper an agency's ability to effectively manage the workforce.

¶10 Although the appellant cites to the Board's decision in *Campo v. Department of the Army*, 93 M.S.P.R. 1, ¶¶ 7-8 (2002), in support of his claim, PFR File, Tab 1 at 7, we agree with the administrative judge that *Campo* is distinguishable. ID at 3-4. There, the agency issued the appellant a memorandum of warning and advised her that she would be charged with insubordination and/or creating a disturbance and would be subjected to disciplinary action including removal if she continued to make unfounded allegations, the substance of which comprised her alleged protected disclosures. *Campo*, 93 M.S.P.R. 1, ¶ 7. The Board found that, considering the content of the memorandum, and the circumstances of the case, the memorandum of warning contained a direct threat to take a "chapter 75 . . . or other disciplinary or corrective action" and therefore constituted a threat to take a "personnel action" for purposes of Board jurisdiction over an IRA appeal. *Campo*, 93 M.S.P.R. 1, ¶ 8. Here, however, the Letter of Counseling began by advising the appellant that it was intended to "address [his] demonstrated failure to communicate with [his] supervisors appropriately and to clarify . . . expectations for [his] conduct in the future." IAF, Tab 6 at 31. After relating the incidents the agency deemed to have demonstrated the cited misconduct, the Letter of Counseling states that it "is only a counseling and will not be included in [his] Official Personnel File" and it "remind[s]" the appellant "that any future misconduct may result in disciplinary action up to and including removal from the Federal service." *Id.* at 32. The Letter of Counseling does not "warn" the appellant that, in the event of "further instances of this nature," he "will be charged" with specific discipline ("insubordination and/or creating a disturbance") as was the case with the memorandum of warning in *Campo*. Rather, the Letter of Counseling at issue here first expressly states that it is not being made a matter of record; that is, it is not itself a disciplinary action, and

then simply adds standard language "remind[ing] the appellant that future misconduct may result in disciplinary action." *Id.* at 31-32.

¶11    For the reasons set forth above, we find that the appellant has not shown error in the administrative judge's finding that the Letter of Counseling does not contain a threat of future disciplinary action and therefore does not constitute a personnel action within the meaning of 5 U.S.C. § 2302(a)(2)(A) for purposes of Board jurisdiction.  ID at 4.  Because the appellant failed to nonfrivolously allege that his disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2), the administrative judge  properly dismissed the appeal for lack of jurisdiction.[4] *McCarty v. Environmental Protection Agency*, 105 M.S.P.R. 74, ¶ 7 (2007) (explaining that the Board is required to first determine whether all jurisdictional requirements have been met before addressing the merits of an IRA appeal).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[4] Because our finding compels this disposition, we vacate the administrative judge's alternative finding that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure.

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal

Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                          _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.