# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANA M. DELOSREYES,
               Appellant,

v.

GENERAL SERVICES
    ADMINISTRATION,
               Agency.

DOCKET NUMBER
NY-1221-14-0379-W-1

DATE: May 5, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lawrence Tomscha</u>, New York, New York, for the appellant.

<u>Nicole Ludwig</u>, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is employed as a Realty Specialist with the agency in San Juan, Puerto Rico.  Initial Appeal File (IAF), Tab 1 at 1, 8.  In September 2014, the appellant filed an IRA appeal, alleging that, in retaliation for her testimony on behalf of a coworker, her supervisor issued her a letter of performance concern, which the appellant contended was a threat to lower her performance rating.  IAF, Tab 1 at 6, Tab 5 at 4–5.

After issuing an order setting forth the requirements for establishing jurisdiction over an IRA appeal, IAF Tab 3 at 2-6, and considering the appellant's response, IAF, Tab 5, the administrative judge dismissed the appeal for lack of jurisdiction without holding the appellant's requested hearing.  IAF, Tab 8, Initial Decision (ID).  Relying on *King v. Department of Health & Human Services*, 133 F.3d 1450, 1452‑53 (Fed. Cir. 1998), he found that the appellant failed to raise a nonfrivolous allegation that the letter of performance concern was a personnel action because the letter was akin to a progress report, was not an official rating, did not contain any threats to lower the appellant's performance

rating, and was of no consequence to the appellant's continued employment. ID at 4-5. He further found that the appellant's subjective belief that the matters discussed in the letter of performance concern could lead to a personnel action at some time in the future did not satisfy her jurisdictional burden. ID at 5.

¶4　　The appellant has filed a petition for review of the initial decision, and the agency has responded in opposition. Petition for Review (PFR) File, Tabs 1, 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5　　To establish the Board's jurisdiction over an IRA appeal, the appellant must demonstrate that she exhausted her administrative remedies before the Office of Special Counsel (OSC) and make nonfrivolous allegations that: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8), or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take, fail to take, or threaten to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). 5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001); *Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 6 (2014). If the appellant establishes Board jurisdiction over her IRA appeal by exhausting her remedies before OSC and making the requisite nonfrivolous allegations, she has the right to a hearing on the merits of her claim. *Rusin v. Department of the Treasury*, 92 M.S.P.R. 298, ¶ 20 (2002).

¶6　　Here, the administrative judge found, and we agree, that the appellant demonstrated that she exhausted her administrative remedies before OSC. ID at 3; IAF Tab 1 at 10, Tab 5 at 11. We further agree with the administrative judge that the dispositive issue in this appeal is whether the appellant raised a

nonfrivolous allegation that the letter of performance concern was a personnel action or a threat to take a personnel action.[2]  ID at 4-5.

¶7        The administrative judge correctly found that the letter of performance concern was not a personnel action.  ID at 4-5.  As the administrative judge discussed below, ID at 4-5, in *King*, 133 F.3d 1450, the U.S. Court of Appeals for the Federal Circuit distinguished a progress review from a performance evaluation and concluded that, unlike a performance evaluation, a progress review is not a personnel action.[3]  *Id*. at 1452-53; *see* 5 U.S.C. § 2302(a)(2)(A)(viii). The court found that not every agency action is a personnel action under the Whistleblower Protection Act (WPA), the predecessor to the Whistleblower Protection Enhancement Act (WPEA), and that, to constitute a personnel action, an action must have practical consequences for an employee.  *King*, 133 F.3d at 1453.  In distinguishing a progress report from a performance evaluation, the court found that, while a performance evaluation is formal, judgmental, consequential, and judges the quality of past work, a progress report is informal,

---

[2] On review, the appellant contends that the administrative judge failed to address the fact that she testified on behalf of a coworker.  PFR File, Tab 1 at 4, 6.  To the extent that the appellant is arguing that the administrative judge erred in failing to make a finding regarding whether her testimony was a protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), we disagree.  Once the administrative judge found that the appellant failed to raise a nonfrivolous allegation that the agency took or threatened to take a personnel action against her, the Board lacked jurisdiction over the appeal, and the administrative judge was not required to address whether the appellant engaged in protected activity.  *See Shivaee v. Department of the Navy*, 74 M.S.P.R. 383, 387-89 (1997 (dismissing an IRA appeal on the ground that an appellant failed to raise a nonfrivolous allegation of a personnel action, without addressing whether he had a reasonable belief that the agency violated the law).

[3] We have considered the appellant's argument on review that her appeal is distinguishable from *King* because she alleged that she engaged in protected activity under 5 U.S.C. § 2302(b)(9), rather than made a protected disclosure under 5 U.S.C. § 2302(b)(8).  PFR File, Tab 1 at 5.  We find this argument unpersuasive.  As with 5 U.S.C. § 2302(b)(8), 5 U.S.C. § 2302(b)(9) requires that the agency take, fail to take, or threaten to take or fail to take a personnel action.

collaborative, nonconsequential, and somewhat prospective in nature, providing an opportunity for future improvement. *Id*. at 1452.

¶8    We agree with the administrative judge that the letter of performance concern at issue in the instant appeal is akin to the progress report addressed in *King*. ID at 5. In the letter of performance concern, the appellant's supervisor informed her that her work product had been deteriorating over the past several months,[4] provided examples of specific performance issues that the appellant had experienced on projects, and identified areas in which the appellant needed to improve her performance, including completing and billing her projects in a timely manner, adequately responding to requests from customer agencies, and arriving at meetings on time. IAF, Tab 5 at 10. The appellant's supervisor stated that she was available to help the appellant and requested (but did not order) that they meet once every other week to discuss the appellant's projects. *Id*. The letter of performance concern was not an official rating and did not reference any disciplinary or corrective action. *Id.* For these reasons, like the progress report in *King*, the letter of performance concern was an informal and prospective attempt to improve the appellant's future performance, did not have practical consequences for the appellant, and was not a personnel action. *See King*, 133 F.3d at 1452-53; *see also Reeves v. Department of the Army*, 101 M.S.P.R. 337, ¶ 11 n.* (2005) (finding that an appellant failed to raise a nonfrivolous allegation that a memorandum of counseling was a personnel action when the memorandum informed him of performance deficiencies and required corrective actions, but did not threaten to take disciplinary action).

¶9    On review, the appellant reiterates her argument, raised below, that the letter of performance concern was a threat to lower her performance rating. PFR

---

[4] The appellant alleges that her supervisor issued the letter of performance concern 6 days after she testified on behalf of her coworker. IAF, Tab 5 at 4-5; PFR File, Tab 1 at 4-5. However, the letter of performance concern indicates that the appellant's alleged performance issues predated her testimony. IAF, Tab 5 at 10.

File, Tab 1 at 4-5; *see* IAF, Tab 5 at 4–5. We agree with the administrative judge that the appellant failed to raise a nonfrivolous allegation that the letter of performance concern was a threat to take a personnel action.[5] ID at 5.

¶10    The line between a counseling measure and a threat is not a bright one, and the distinction between the two is very fact dependent. *Koch v. Securities & Exchange Commission*, 48 F. App'x 778, 787 (Fed. Cir. 2002).[6] There may be some instances in which a supervisor's statements regarding an appellant's performance deficiencies raise a nonfrivolous allegation of a threatened personnel action. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶¶ 24-25 (2015) (finding that an appellant's assertions regarding statements that his supervisor made during a midterm progress review meeting raised a nonfrivolous allegation of a threatened personnel action); *see also Czarkowski v. Department of the Navy*, 87 M.S.P.R. 107, ¶¶ 20-21 (2000) (finding that an appellant raised a nonfrivolous allegation that a memorandum outlining her performance deficiencies was a performance improvement plan, when, among other things, it stated that the appellant's work was being realigned temporarily and that her performance appraisal was being deferred). However, the administrative judge correctly found that the letter of performance concern at issue here is not such an instance. ID at 5.

¶11    The letter of performance concern does not mention the appellant's performance evaluation, does not state that the appellant's supervisor intended to

[5] On review, the appellant argues that the administrative judge did not address "the threat." PFR File, Tab 1 at 4. To the contrary, the administrative judge considered the appellant's argument that the letter of performance concern was a threat to lower her performance rating and found the argument unpersuasive. ID at 5. Specifically, he found that the letter of performance concern did not contain any threats to lower the appellant's performance rating and that the appellant's subjective belief that the matters discussed in the letter could lead to a personnel action at some time in the future did not satisfy her jurisdictional burden. ID at 5.

[6] The Board may rely on an unpublished Federal Circuit decision when, as here, it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

lower her performance rating, or discuss any proposed corrective or disciplinary action in response to her performance deficiencies. *Cf. Campo v. Department of the Army*, 93 M.S.P.R. 1, ¶¶ 7-8 (2002) (explaining that a memorandum of warning was a threat to take a personnel action when it stated that an appellant would be subject to disciplinary action, including removal, if she continued to make unfounded allegations, the substance of which comprised her alleged protected disclosures); *Special Counsel v. Hathaway*, 49 M.S.P.R. 595, 608-09 (1991) (finding a threatened personnel action when an employee was informed that he should not expect the highly satisfactory performance rating that he had received the prior year), *recons. denied*, 52 M.S.P.R. 375, *aff'd* 981 F.2d 1237 (Fed. Cir. 1992).

¶12    The letter of performance concern does state that, despite being given assistance with her assignments, the appellant "continue[d] to have difficulty meeting the criteria established in [her] critical elements," and, as discussed previously, provides examples of the appellant's performance deficiencies. IAF, Tab 5 at 10. To the extent that the appellant contends that these statements raise a nonfrivolous allegation of an implicit threat that she would receive a lower performance rating, we disagree.

¶13    It is a truism for any employee that poor performance may result in a low or unsatisfactory performance rating. However, not all general statements setting forth performance expectations and the consequences of failing to meet those expectations or counseling measures directed at particular employees constitute threats to take a personnel action. *Koch*, 48 F. App'x at 787 ("A wide range of agency rules, directives, and counseling measures contain the message, implicit or explicit, that failure to follow those directives or to meet expectations may have adverse consequences, including possible discharge. . . . [N]ot all such general statements . . . constitute actionable 'threats' to take adverse action within the meaning of the Whistleblower Protection Act."). Indeed, in *King*, the court found that Congress did not intend for the WPA to create an IRA appeal for every

interim comment made in the workplace, written or otherwise, about the need for improvement.[7]  133 F.3d at 1453.

¶14  Here, the appellant failed to raise a nonfrivolous allegation that the letter of performance concern was a threatened personnel action, as opposed to an effort to assist her in bringing her performance to an acceptable level.  *See Special Counsel v. Spears*, 75 M.S.P.R. 639, 669 (1997) (finding that a "mid point" counseling memorandum informing an employee that she was failing two of her critical elements was part of a process designed to assist her to bring her performance to an acceptable level, rather than a threatened personnel action).

¶15  In sum, for the reasons set forth above, we conclude that the administrative judge properly dismissed the IRA appeal for lack of jurisdiction because the appellant failed to raise a nonfrivolous allegation that the letter of performance concern was a personnel action or a threat to take a personnel action.  ID at 1, 4-5; *see McCarty v. Environmental Protection Agency*, 105 M.S.P.R. 74, ¶ 7 (2007) (finding that the Board is required to first determine whether all jurisdictional requirements have been met before addressing the merits of an IRA appeal).

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff.

---

[7] On review, the appellant contends that the administrative judge failed to consider that the WPEA amended the WPA.  PFR File, Tab 1 at 5.  However, the WPEA did not alter the jurisdictional requirement of an actual or threatened personnel action, nor did it effectuate any change to the definition of a personnel action material to the outcome of this appeal.  *See* Pub. L. No. 112–199, 126 Stat. 1465 (Nov. 27, 2012).  Certainly, none of the amendments in the WPEA indicate that Congress intended to create an IRA appeal from every interim comment made about the need to improve an employee's performance.  *See King*, 133 F.3d at 1453.

Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____
William D. Spencer
Clerk of the Board

Washington, D.C.