**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CHANDRIKA JEMISON,
              Appellant,

        v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
AT-1221-24-0568-W-1

DATE:  May 14, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Chandrika Jemison, Oxford, Alabama, pro se.

George R. Worman, Jr., Esquire, and Justin Gifford, Esquire,
    Anniston, Alabama, for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the appellant's vague claims of agency wrongdoing do not constitute a nonfrivolous allegation of jurisdiction, we AFFIRM the initial decision.

## BACKGROUND

The appellant is a GS-7 Supply Technician at the agency's Anniston Army Depot. Initial Appeal File (IAF), Tab 1 at 1. On March 12, 2024, the appellant filed an Office of Special Counsel (OSC) complaint, OSC File No. MA-24-001693, alleging that the agency violated her veterans' preference rights and retaliated against her for disclosing that the agency violated "rules and regulations." IAF, Tab 10 at 4-13. OSC issued the appellant two preliminary determination letters, dated April 12 and May 2, 2024, advising the appellant that it could not conclude that her allegations evidenced violations of 5 U.S.C. §§ 2302(b)(4), (b)(9)(A)(ii), or (b)(11). IAF, Tab 2 at 2-3, Tab 3 at 2-4.

Subsequently, on May 13, 2024, the appellant filed this IRA appeal, and the administrative judge issued a jurisdictional order, setting forth the applicable standard for establishing jurisdiction over an IRA appeal and providing the appellant with an opportunity to present evidence or argument establishing Board jurisdiction. IAF, Tabs 1, 5. The appellant responded to the jurisdictional order, alleging that, in retaliation for disclosing that the agency was not "following

protocols" and was engaging in "unauthorized behaviors," the agency issued her a memorandum of instruction.[2] IAF, Tab 7 at 4. Because the appellant also referenced a second OSC complaint in her jurisdictional response, the administrative judge issued an order requesting additional information about her whistleblower reprisal claims. IAF, Tab 8. The appellant responded to the order, submitting, among other things, a letter from OSC referencing a second complaint, OSC File No. MA-24-002407. IAF, Tab 11 at 4.

Without holding a hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 16, Initial Decision (ID). First, the administrative judge found that the appellant alleged in OSC File No. MA-24-001693 that the agency violated her veterans' preference rights, which was not within the Board's IRA jurisdiction. ID at 3-4. Next, regarding OSC File No. MA-24-002407, the administrative judge found that the appellant did not prove she exhausted her administrative remedies because the appellant had not submitted a close-out letter from OSC and 120 days had not yet elapsed from the filing date. ID at 4.

The appellant has filed a petition for review explaining that, in OSC File No. MA-24-001693, she alleged that the agency retaliated against her by issuing her a memorandum of instruction "to coerce fraudulent actions to documentation which violates rules and regulations," while in OSC File No. MA-24-002407, she alleged that the agency obstructed her ability to compete for positions and violated veterans' preference rights. Petition for Review (PFR) File, Tab 1 at 4-5. The appellant also attaches letters from OSC dated after the initial decision was issued, specifically, a third preliminary determination letter in OSC File No. MA-24-001693 analyzing a possible violation of 5 U.S.C. § 2302(b)(8) and a close-out letter in OSC File No. MA-24-002407. *Id.* at 10-14. The agency

---

[2] Although the appellant's response to the jurisdictional order was untimely filed, the administrative judge nevertheless considered it. IAF, Tab 16, Initial Decision at 2-4.

filed a response to the petition for review, and the appellant filed a reply.[3] PFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish Board jurisdiction over an IRA appeal, the appellant must show that she has exhausted her administrative remedies before OSC and make nonfrivolous allegations that (1) she made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined under 5 U.S.C. § 2302(a). *McCray v. Department of the Army*, 2023 MSPB 10, ¶ 11; *see Smolinski v. Merit Systems Protection Board*, 23 F.4th 1345, 1350 (Fed. Cir. 2022). A protected disclosure is one which the employee "reasonably believes evidences: (i) any violation of any law, rule, or regulation, or (ii) gross mismanagement, a gross waste of funds, an abuse of

---

[3] The appellant also filed a motion to disqualify the agency counsel, alleging that agency attorneys from another duty location were involved in her case without her knowledge, and this involvement raises ethical concerns and creates conflicts of interest. PFR File, Tab 5 at 4. The appellant has also filed a motion for leave requesting to amend her appeal to "introduce new evidence, new legal interpretations, and update [her] argument with case laws and regulations, which governs the conduct of Army lawyers and jurisdictions." PFR File, Tab 8 at 4. Generally, a party may choose any representative and other parties may challenge that designation on the ground that it "involves a conflict of interests or a conflict of position." 5 C.F.R. § 1201.31(b). Besides her conclusory assertion, the appellant has not established that the agency's conduct raises ethical issues or that its choice of representative creates a conflict of interest or position. There is generally no issue with an agency assigning an attorney from a duty station other than that of the appellant's to represent the agency before the Board. Additionally, the appellant has not explained how arguments related to the agency's selection of representatives impact the outcome of this appeal. Accordingly, we deny the appellant's motion to disqualify and her motion for leave related to the same. We lastly note that the appellant has filed one additional motion, this time seeking permission to submit new evidence regarding the agency's motives. PFR File, Tab 11. This motion is denied because, *inter alia*, the agency's motives have little bearing on our disposition in this appeal.

authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8).

Although the appellant raised a claim of whistleblower reprisal, she did not establish a nonfrivolous allegation of jurisdiction.

The administrative judge found that the Board lacked jurisdiction over this appeal because the appellant alleged in OSC File No. MA-24-001693 that the agency violated her veterans' preference rights and otherwise obstructed her ability to compete for positions, which is not within the Board's IRA jurisdiction. ID at 3-4. However, the appellant also alleged in OSC File No. MA-24-001693 that the agency issued her a memorandum of instruction in retaliation for disclosing violations of "rules and regulations," specifically, for disclosing that the agency had directed her to make an approved purchase with a form that she did not complete. IAF, Tab 7 at 19-23, Tab 10 at 8-10; PFR File, Tab 1 at 10-11. Nevertheless, although the appellant raised a potential violation of 5 U.S.C. § 2302(b)(8) before OSC, we find that her allegations are too vague and conclusory to constitute a nonfrivolous allegation of Board jurisdiction.

The decision regarding whether the appellant has made a nonfrivolous allegation of jurisdiction entitling her to a hearing must be based on whether the employee alleged sufficient facts, accepted as true, to state a claim that is plausible on its face. *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1367, 1369 (Fed. Cir. 2020). Although the nonfrivolous standard is a low threshold, the allegations nevertheless must be more than vague assertions of wrongdoing. *Gabel v. Department of Veterans Affairs*, 2023 MSPB 4, ¶ 6; *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 6 (2016).

After reviewing the appellant's submissions, we are unable to determine the nature of the alleged wrongdoing by the agency. The appellant claims that the agency violated an unspecified law, rule, or regulation by directing her to make an approved purchase with a form that was completed by an individual besides the appellant. IAF, Tab 7 at 19-23. However, the appellant has not provided any

further information detailing how the agency's actions constituted a violation of law, rule, or regulation, instead merely concluding that the agency was "not following protocols," or that it violated rules and regulations.[4]  *Id*. at 4; IAF, Tab 10 at 8; PFR File, Tab 1 at 4-5.  These pro forma and unsupported allegations of wrongdoing, without more, do not constitute a nonfrivolous allegation of jurisdiction.  *See El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 6 (2015) (stating that vague, conclusory, unsupported, and pro forma allegations of wrongdoing do not meet the nonfrivolous pleading standard), *aff'd*, 663 F. App'x 921 (Fed. Cir. 2016).

Further, even if the appellant's allegations were sufficiently detailed to constitute a nonfrivolous allegation, the appellant has not alleged that the agency took or threatened to take a personnel action covered under 5 U.S.C. § 2302(a). The only personnel action cited by the appellant is a memorandum of instruction directing her to process the approved purchase.  IAF, Tab 7 at 4, 24-25, Tab 10 at 9; PFR File, Tab 1 at 4-5.  However, a memorandum of instruction is not considered a personnel action under 5 U.S.C. § 2302(a).  *Cf. Special Counsel v. Spears*, 75 M.S.P.R. 639, 670 (1997) (finding that an oral counseling is not a covered personnel action because there is no memorialization of it in the employee's Official Personnel File).  Furthermore, to the extent that the appellant alleges that the memorandum constitutes a threatened personnel action because it warned her that continued failure to follow written instructions "may be grounds for disciplinary measures, up to and including removal or termination," such language is conditional in nature and constitutes a mere reminder that future conduct might result in disciplinary action rather than a specific threat of future

---

[4] While an appellant need not provide a legal citation or title of the specific law, rule, or regulation that the agency purportedly violated, the provision must be identifiable. *Langer v. Department of the Treasury*, 265 F.3d 1259, 1266 (Fed. Cir. 2001); *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 24 (2015).  The appellant has not identified a law, rule, or regulation and we are unaware of a general provision that would preclude one employee from preparing a purchase form for another employee's action.

discipline. IAF, Tab 7 at 25, Tab 10 at 9; *cf. Campo v. Department of the Army*, 93 M.S.P.R. 1, ¶¶ 7-8 (2002) (finding that a counseling memorandum constituted a threatened personnel action because it warned of specific future charges and discipline if the behavior continued); *see Koch v. Securities and Exchange Commission*, 48 F. App'x 778, 787 (Fed. Cir. 2002) (explaining that general statements regarding possible adverse consequences of failing to follow agency directives or to otherwise meet expectations do not necessarily constitute actionable threatened personnel actions). Accordingly, the appellant did not establish a nonfrivolous allegation that the agency took or threatened to take a personnel action covered under 5 U.S.C. § 2302(a).

<u>The appellant has not otherwise established jurisdiction over this appeal.</u>

In both OSC File Nos. MA-24-001693 and MA-24-002407, the appellant claimed that the agency violated her veterans' preference rights and obstructed her ability to compete for positions in violation of 5 U.S.C. § 2302(b)(4). IAF, Tab 10 at 7-8; PFR File, Tab 1 at 5. As the administrative judge correctly found, these claims are outside the scope of an IRA appeal. ID at 3-4; *see McCray*, 2023 MSPB 10, ¶ 11 (setting forth the jurisdictional standard for an IRA appeal). Therefore, these claims do not establish Board jurisdiction over the appellant's IRA appeal.[5]

---

[5] Although the Board has jurisdiction over alleged violations of veterans' preference rights under the Veterans Employment Opportunities Act of 1998 (VEOA), it cannot adjudicate such claims within the context of an IRA appeal. *Compare McCray*, 2023 MSPB 10, ¶ 11 (setting forth the jurisdictional standard in an IRA appeal), *with Slater v. U.S. Postal Service*, 112 M.S.P.R. 28, ¶ 5 (2009) (setting forth the jurisdictional standard in a VEOA appeal). The appellant has filed several VEOA appeals with the Board, including MSPB Docket Nos. AT-3330-24-0326-I-1 and AT-3330-24-0591-I-1, which have been adjudicated separately from this appeal.

**NOTICE OF APPEAL RIGHTS**[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                      _____
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.